**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 30 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GARRY MICHAEL CHENEY,

        Petitioner-Appellant,

v.

STEVE HARGETT,

        Respondent-Appellee.

No. 01-5004
(D.C. No. 97-CV-300-K)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **HENRY** , **ANDERSON** , and **BRISCOE** , Circuit Judges.

      After examining the appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.    See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

      Petitioner Garry Michael Cheney seeks a certificate of appealability (COA) to pursue his appeal of the district court's denial of his petition for a writ of

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

habeas corpus filed pursuant to 28 U.S.C. § 2254. Determining that Mr. Cheney has not met the statutory requirements, we deny his application and dismiss the appeal.

To be entitled to a COA, Mr. Cheney must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He can make this showing by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). We will grant relief if the state court entered a judgment that

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In 1993, Mr. Cheney was found guilty of first degree murder and was sentenced to death. On appeal, the Oklahoma Court of Criminal Appeals determined that "there [wa]s no evidence of physical or mental torture prior to death, and the especially heinous, atrocious or cruel aggravating circumstance should not have been applied in this case." Cheney v. State, 909 P.2d 74, 83

(Okla. Crim. App. 1995). The court affirmed the first degree murder conviction, but modified petitioner's sentence to life imprisonment without the possibility of parole.

In his federal habeas petition, Mr. Cheney raised nine issues. The district court denied relief and Mr. Cheney appeals. On appeal, he argues that the state failed to prove his sanity beyond a reasonable doubt and that the insanity instruction was fundamentally defective as it required the jury to find him insane under both prongs of the McNaghten test. He contends the evidence was insufficient to prove first degree murder and that the state court erred in failing to instruct the jury on second degree murder as it was constitutionally required to do because his was a capital case. Mr. Cheney asserts cumulative error as to (1) the heat of passion manslaughter instruction sets forth an erroneous standard of proof; (2) prosecutorial misconduct, (3) improper admission of the irrelevant opinion of a jailhouse informant. Finally, Mr. Cheney contends he received ineffective assistance of counsel.

Upon review of the record, the brief submitted to this court, and the applicable law, we conclude that Mr. Cheney has failed to meet the standards established in § 2254(d). Reasonable jurists could not debate whether his "petition should have been resolved in a different manner" or whether "the issues

presented were adequate to deserve encouragement to proceed further." <u>Slack</u>,

529 U.S. at 484 (quotation omitted).

We DENY Mr. Cheney's application for a COA and DISMISS this appeal.

Entered for the Court


Mary Beck Briscoe
Circuit Judge